UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY GAY,
    Plaintiff,

vs.                                                                      01-1210

PATRICK HOBART, et al,
    Defendants.

ORDER

This cause is before the court for consideration of the plaintiff's motions to reconsider the court's January 4, 2005 order dismissing this case. [d/e 118, 122, 124].

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).   The plaintiff's first motion appears to have been provided to prison officials within the necessary time frame, therefore the court will consider the plaintiff's first motion pursuant to Federal Rule 59(e).  See also *Hope*, 43 F.3d at 1143.  The plaintiff's second and third motion will be considered pursuant to Rule 60(b)

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously."  *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).   A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*,  15 F.3d 726, 728 (7th Cir. 1994).    Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the  underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff's case was set for video jury trial on January 3, 2005.   The court decided to conduct the trial by video conferencing after considering evidence of the plaintiff's long history of violence and aggressive behavior. *See* January 10, 2004 Court Order.  The plaintiff's disciplinary history included more than 137 assaults, mainly against correctional staff.  Eight of those assaults resulted in criminal convictions for Aggravated Battery.  In addition, when the plaintiff had been allowed to attend a court hearing in another case, he had assaulted a witness. Correctional officials also found the plaintiff in possession of the names and addresses of jurors

1

after his trial had concluded.

On November 3, 2004, the court held a final pretrial hearing and instructed the parties to provide copies of any trial exhibits to the clerk on the court. On November 4, 2004, the court entered a further order stating that those exhibits were to be provided to the clerk of the court on or before December 27, 2004.

On the day of the trial, the plaintiff was not prepared, nor ready for trial. After inquiry, the court found that the plaintiff's own misconduct had lead to a failure to comply with the court's order and a failure to obtain copies of his exhibits for trial. "Given the plaintiff's long history of physical attacks on correctional staff and his increasingly hostile and threatening conduct, the court will not order correctional officers to make further attempts to obtain the documents from the plaintiff." January 4, 2005 Court Order, p. 3. The plaintiff's case was dismissed.

The plaintiff now argues that his conduct was not the reason for his failure to provide copies of exhibits. The plaintiff says he made repeated attempts to try and obtain copies, but correctional officials refused his requests. The plaintiff admits he "yelled obscenties" and "talked dirty" to a paralegal who was sent to help with copies on December 29, 2004, but states this was a result of his growing frustration. (Mot., d/e 118, p. 3) (Motion, d/e 124, p. 2).

It is true that the plaintiff made at least three requests for his documents to be copied which were each denied prior to December 29, 2004. However, the plaintiff admits he has numerous legal documents. The plaintiff was told he must provide a copy of the pretrial order identifying his trial exhibits. The court notes that the plaintiff is an experienced litigator and is well aware of the procedures that must be filed in order to obtain copies of documents. ( *See Gay v. Spaulding,* 01-1070 and *Gay v. Salzman,* 01-1209 in the Central District of Illinois; *Gay v Zielke,* 01-50448 and *Gay v. Wiegand,* 04-50418 in the Northern District of Illinois; and *Gay v. Lohman,* 96-962, *Gay v. Potts,* 99-367, and *Gay v. Welbourne,* 00-29 in the Southern District of Illinois). As the court previously found, the plaintiff "willfully failed" to make the proper requests. January 4, 2005 Court Order, p.3.

The plaintiff also sent a letter to the clerk of the court on December 29, 2004, stating that correctional officials were refusing to copy his exhibits for trial and that he was "placed on suicide watch" after he cut himself. (Plain Ltr, p. 1). The plaintiff asked the court to issue an order directing correctional officials to copy his documents so he could be prepared for trial.

The Department of Corrections informed the clerk of the court that the plaintiff was not in fact on suicide watch. The plaintiff had injured his arm, but the injury was not perceived as

life threatening.[1]  Correctional officials were informed that the plaintiff would need copies of his exhibits for trial in this case.  However, when a paralegal made attempts to get the documents from the plaintiff, he refused to cooperate.

The court took judicial notice of two disciplinary reports concerning the plaintiff's conduct and the plaintiff does not deny his action toward the paralegal.  *See* January 4, 2005 Court Order, attachments. The facts remain that the plaintiff was an experienced litigator, he knew how to make proper requests for documents, the court ordered him to obtain copies, he refused to make proper requests and when a paralegal was sent specifically to obtain the documents, he became verbally abusive and threatening.   The plaintiff has failed to demonstrate a mistake of law or fact or new evidence which would warrant granting his motions for reconsideration.

IT IS THEREFORE ORDERED that the plaintiff's motions for reconsideration of the court's January 4, 2005 order dismissing this lawsuit are denied.   [d/e 118, 122, 124].

Entered this 31st  day of October,  2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] The court also observed the injury to the plaintiff's right arm during the video conference on January 3, 2005.